OPINION OF THE COURT
Harold J. Hughes, J.
Kaiser Foundation Health Plan of New York (Kaiser [New York]) and Community Health Plan Companies, Inc. (CHP) move, pursuant to Not-For-Profit Corporation Law § 907, for approval of their merger into a Type B corporation.
*111 The Attorney General of the State of New York objects to the merger on the grounds that, as proposed, it neither provides the Attorney General with advance notice of future changes of ownership or control of CHP’s assets, nor provides the court an opportunity to review the sale or other transfer of control of CHP. The Attorney General urges the court to impose such protections on CHP. In support of its position that such provisions are needed, the Attorney General cites the April 11, 1996 affiliation agreement between Kaiser Foundation Health Plan, Inc. (Kaiser [California]), a California corporation, and CHP by which Kaiser (California) acquired actual control over CHP’s operations and management without any notice to the Attorney General or opportunity for review by the courts of this State. The Attorney General further notes that Kaiser (California) intends to sell CHP, an entity upon which some 600,000 New York State citizens depend for their health care. Petitioners list assets in excess of $200,000,000,
Notwithstanding petitioner’s argument that there is no statutory requirement for the Attorney General or the court to be involved in future “nonmerger” transfers of control and management of CHP, court approval of this merger is conditioned on the court’s satisfaction that the interests of the constituent corporations and the public will not be adversely affected by the merger or consolidation (Not-For-Profit Corporation Law § 907 [e]). The court cannot now predict, much less assure, that future transfers of the management or controlling interest in CHP by Kaiser (California), a foreign corporation, to as yet unknown entities will necessarily best serve the public interest in continued health services or protect the merged corporations’ assets. In the absence of any demonstrated harm to CHP and given the significant public interest in protecting CHP, the Attorney General’s proposal is a reasonable and unoppressive means for protecting the public trust and CHP.
Accordingly, the agreement and plan of merger between the petitioners is approved subject to the condition that the Attorney General be given notice of future nonmerger transfers of operational and managerial control of CHP and that the courts be given authority to approve or reject such transfers consistent with the goals set forth in Not-For-Profit Corporation Law § 907 (e); the certificate of merger, to which a certified copy of this order shall be annexed, may be filed with the Department of State in accordance with Not-For-Profit Corporation Law § 904; and the merger shall have the effect provided by Not-For-Profit Corporation Law § 905.